AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 10-cr-132-CG-N |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| LARRY MCPHERSON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____ . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____ , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

McPherson asserts he is entitled to compassionate release because (1) he is elderly (79 years old), has served over half his sentence, has "extensive" health conditions and has a reliable release plan and (2) because his age and medical conditions place him at a elevated risk of serious harm in light of the Covid-19 pandemic.  More specifically, McPherson contends he suffers from diabetes (type II), high cholesterol, glaucoma, hypertension, vertigo, and gout "among a long list of additional ailments" all of which require medical treatment.  McPherson is also in remission from prostate cancer.

A defendant with a chronic medical condition that has been identified by the Centers for Disease Control and Prevention ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19 may satisfy the standard of "extraordinary and compelling reasons". McPherson's medical records confirm McPherson's alleged medical conditions, which may make him eligible for release in light of the Covid-19 pandemic.  However, those medical records also

indicate that McPherson has received both doses of the Covid-19 vaccination and that his underlying conditions are well controlled. Given that McPherson's request for release is based on is medical conditions in light of the Covid-19 pendemic and given that he is fully vaccinated against Covid-19, the Court is not satisfied that extraordinary and compelling circumstances exist qualifying McPherson for early release.

Further, a review of the entire record confirms that McPherson already suffered from most of his medical conditions when he was sentenced for his crimes and that his conditions are well managed. The medical records also fail to corroborate that McPherson's age is causing a serious deterioration of his health or that his conditions prevent him from providing self-care within prison. As a result, McPerson has not established any other extraordinary and compelling circumstance making him eligible for relief, regardless of the Covid-19 pandemic.

Assuming arguendo, that McPherson established his eligibility for compassionate release, a consideration of the relevant § 3553(a) factors do not support a reduction in McPherson's sentence. The Court has considered McPherson's criminal history, the crimes underlying his current incarceration, the length of time he has been incarcerated, and his post incarceration conduct and finds that that his original sentence of 235 months imprisonment remains warranted today. More specifically, the Court noted that McPherson commited his offense at the age of 69, that he received a sentence on the low end of his guideline range, and that his underlying crime is particularly serious. Given the nature of McPherson's offense, this Court is additionally not satisfied that McPherson is no longer a threat to the public. Accordingly, the Court finds that releasing McPherson would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

June 4, 2021                                            /s/ Callie V. S. Granade
                                                        SENIOR UNITED STATES DISTRICT JUDGE